## Case No. 15,124.

### UNITED STATES v. FLYNN.

[1 Dill. 451.] 1

Circuit Court. D. Minnesota. 1870.

CRIMINAL LAW—SALE OF LIQUOR TO INDIANS.

Under the act of congress of March 15, 1864 (13 Stat. 29), prohibiting the sale of liquor to any Indian under charge of an Indian agent, actual control, or immediate personal superintendence by such agent over the individual Indian to whom the liquor is sold, is not essential, if the tribe to which the Indian belongs is under the charge of such agent, and the Indian himself still maintains his tribal relations.

It is provided by the act of congress of the 15th day of March, 1864 (13 Stat. 29), that "if any person shall sell * * * or dispose of any spirituous liquors to any Indian, under the charge of any Indian superintendent, or Indian agent appointed by the United States," he shall be punished, etc., as provided by the act. Legislation of this character has been held by the supreme court of the United States, to be constitutional, and authorized by the power of congress to regulate commerce with the Indian tribes. U. S. v. Holliday, 3 Wall. [70 U. S.] 407; U. S. v. Haas, Id. The evidence shows that the Indian named in the indictment belongs to one of the bands of the Chippewa tribe of Indians, residing in the state of Minnesota; that the Indian to whom the liquor was sold still maintains his tribal relations, and receives his annuities from the United States; that the tribe to which the Indian belongs is regularly under the charge of an agent appointed by the United States. But the evidence also shows that the Indian named in the indictment has not for two years, or thereabouts, resided on the reservation occupied by the tribe, but has been for that period living away from the tribe, and off the reservation. Under these facts, the question arises whether the Indian named was, within the meaning of the act of congress "under the charge of an Indian agent" at the time when the liquor is alleged to have been sold to him.

C. K. Davis, U. S. Dist. Atty.

Mr. Heard, contra.

---

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

---

Before DILLON, Circuit Judge, and NELSON, District Judge.

PER CURIAM. It was held upon these facts, that the Indian to whom the liquor was sold was under charge of an Indian agent within the meaning of the act of congress, and that actual charge and immediate personal superintendence over the individual Indian by the agent, at the time, was not essential to maintain the indictment. This conclusion was considered to be supported by the nature of the previous legislation on the same subject; by the policy of such legislation as declared in the cases above referred to ([U. S. v. Holliday and U. S. v. Haas] 3 Wall. [70 U. S.] 407), and by the principles settled by the decisions in those cases.